## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| PREMIER TIERRA HOLDINGS, INC., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-CV-02872 |
| | § | |
| TICOR TITLE INSURANCE COMPANY OF | § | |
| FLORIDA, INC., | § | |
| *Defendant.* | § | |

### MEMORANDUM AND ORDER

This title insurance case is before the court on defendant Chicago Title Insurance Company's (successor by merger with Ticor Title Insurance Company of Florida, Inc.) motion to modify scheduling order and for leave to file supplemental answer. (Dkt. 52).  This motion is denied.

Plaintiff filed its original complaint against defendant in September 2009 alleging breach of a title insurance contract based on title defects discovered in March 2009.  (Dkt. 1). This Court abated the lawsuit to allow defendant an opportunity to cure the title defects, which defendant accomplished in June 2010.  (Dkt. 14).  On June 9, 2011, this Court granted partial summary judgment to defendant, leaving only the issues of whether plaintiff suffered any harm from defendant's failure to act with reasonable diligence in curing title defects, and if so, the amount of damages incurred. (Dkt. 45).

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court entered a scheduling order on December 14, 2010.  (Dkt. 17).  According to this scheduling order, all amendments to pleadings were to be filed before May 2, 2011 and discovery was to be completed by September 1, 2011.  On August 12, 2011, Chicago filed this motion to modify scheduling order and for leave to file supplemental answer. (Dkt. 52).

After a scheduling order deadline has passed, a party must show good cause to obtain leave to supplement the operative pleadings.  *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. Tex. 2010); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, NA, 315 F.3d 533, 536 (5th Cir. 2003).   The following factors guide the inquiry as to whether good cause exists: (1) the explanation for the failure to timely move for leave to supplement; (2) the importance of the supplementation; (3) potential prejudice in allowing the supplementation; and (4) the availability of a continuance to cure such prejudice.  *Id.*

Defendant now seeks to supplement its answer by adding two new affirmative defenses.  The first is a settlement defense, which asserts that a settlement between the mortgagor and insured mortgagee operates to bar any claim against the title insurer.  Defendant claims that this "Settlement Defense" was not previously available until June 30, 2011 as it is based on a Missouri Court of Appeals case[1] that was released on that day.  However, the case at bar is governed by Florida law.  A decision by an intermediate appellate court in Missouri does not affect Florida law concerning title polices,  and certainly does not create new contract defenses previously unrecognized by the Florida Supreme Court.  Nor does the Missouri case appear to state any novel or revolutionary principles of law or reverse any settled case or line of cases.  There is thus no legitimate reason why this defense could not have been asserted prior to the amendment deadline.  Allowing this defense could also spark additional discovery requests, thereby jeopardizing the other deadlines as well as the current trial setting.  The Court is not inclined to run that risk given the long whiskers already on this case.

---

[1] *Wedgewood Square Ctr. L.P. v. Stewart Title Guar. Co.*, No. SD 30899, 2011 WL 2582846 (Mo. Ct. App. June 30, 2011)(*reh'g denied* on July 20, 2011).

Defendant also wishes leave to supplement its answer to assert that "its liability is terminated by Plaintiff's failure to comply with its contractual duties to cooperate."  Defendant claims that this cooperation defense was not available until the Court's Memorandum and Order (Dkt. 45) of June 9, 2011 where the Court ruled that the only remaining claim was defendant's alleged failure to act with reasonable diligence.  Defendant contends that plaintiff's failure to cooperate exposed defendant to "the potential liability and expense of this litigation because of the contribution Plaintiff's failure to cooperate made to the alleged delay in Defendant exercising its option under the Policy to cure the title defects."

The Court find this argument to be unpersuasive.  The defense that defendant wishes to now assert is the contract defense of "plaintiff didn't comply with the contract, so we are not liable to plaintiff."  This defense is neither novel nor complex and could have easily been asserted from the start of litigation.  Paragraph 4(d)(ii) of the contract states that "[i]f the Company is prejudiced by the failure of the insured to furnish the required cooperation, the Company's obligations to the insured under this policy shall terminate." (Dkt. 52, Ex. 3).  Paragraph 5 also states that "[f]ailure of the insured claimant to submit for examination under oath, produce other reasonably requested information or grant permission to secure reasonably necessary information from third parties . . . shall terminate any liability of the Company under this policy as to that claim."  This defense has been available to defendant since March 2009, when defendant was first informed of the title defects.  Good cause has not been shown to justify defendant's failure to timely plead it.

For all these reasons, defendant has failed to show good cause for the Court to modify its scheduling order and permit defendant to supplement its answer.  Accordingly, defendant's motion is denied.

Signed at Houston, Texas on September 8, 2011.


Stephen Wm Smith
United States Magistrate Judge